Electronically Filed:  3/10/2026 12:38 PM

KENSC-CIV-2026-00037

| | | |
|---|---|---|
| STATE OF MAINE | | SUPERIOR COURT |
| KENNEBEC, SS. | | DOCKET NO._____ |

| | | |
|---|---|---|
| ROBERT SIFF, of Brunswick | ) | **EXHIBIT A** |
| County of Cumberland, | ) | |
| and State of Maine | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| DAVID SHABSELS, of Scarsdale, County | ) | |
| of Westchester, and State of New York | ) | |
| and | ) | |
| MICHAEL SHABSELS, of New York, | ) | |
| County of Manhattan, and State of New York | ) | |
| and | ) | |
| BELGRADE LAKES | ) | |
| SUMMER CAMPS LLC, | ) | |
| A Limited Liability Company | ) | |
| doing business in Belgrade , | ) | |
| County of Kennebec and State of Maine | ) | |
| and | ) | |
| DANA MILLER, of Corolla, County of Currituck, | ) | |
| and State of North Carolina | ) | |
| | ) | |
|     Defendants | ) | |


    NOW COMES the Plaintiff, Robert Siff, by and through his attorneys, Jason M. Jabar, and Joseph Jabar and complains against Defendants, David Shabels, Michael Shabels, Belgrade Summer Camps, LLC., and Dana Miller as follows:

**FACTS RELEVANT TO ALL COUNTS**

1.     At all times relevant to this Complaint, Plaintiff was a resident of Brunswick, County of Cumberland and State of Maine.

2.     Upon information and belief, Defendant David Shabsels is a resident of Scarsdale, New York.

1

3. Upon information and belief, Defendant Michael Shabsels is a resident of New York, New York.

4. Upon information and belief, Defendant Dana Miller is a resident of Corolla, North Carolina.

5. At all times relevant to this Complaint, the Defendants, David and Michael Shabsels were the principal shareholders of Belgrade Lakes Summer Camps, LLC (hereinafter referred to as "BLSC"), a Limited Liability Company registered in Maine.

6. Prior to June 1, 2014, Plaintiff owned and operated a summer camp called New England Golf Camp located in Newry, Maine.

7. Prior to June, 2014, Defendants David and Michael Shabsels were in the business of owning and operating summer camps in Maine and other states, and Plaintiff was aware of this.

8. On or around June, 2014, Plaintiff was in discussions with Joel Lavenson, the owner of Maine Golf and Tennis Academy located at 35 Golf Academy Dr. in Belgrade, Maine, about purchasing the Maine Golf and Tennis Academy ("Academy").

9. In or around June, 2014, Plaintiff entered discussions with David and Michael Shabsels about forming a joint venture to purchase the Academy.

10. At that time, Plaintiff had years of experience running summer camps in Maine, and had established a reputation as an excellent camp director.

11. At that time, Plaintiff also had a good personal relationship with the owner of the Academy, Joel Lavenson.

12. On or about June 1, 2014, Defendants, David and Michael Shabsels entered into a verbal agreement with Plaintiff to form a partnership to purchase the Academy and to own and operate a summer camp to replace the Academy at the 35 Academy Dr. location. The agreement was that Plaintiff would bring his expertise, experience, and contacts to open and operate the camp, and that the Shabsels would provide the funding and oversight.

13. Prior to that time, Michael and David Shabsels were the principal shareholders of SHABSELSIAFA LLC, a Maine corporation and on December 9, 2014, the corporation's name was changed to Belgrade Lakes Summer Camps LLC.

14. On or around December 18, 2014, BLSC purchased the Academy and the real estate located at 35 Golf Academy Dr.

2

15.     Shortly after the purchase of New England Golf and Tennis Academy by BLSC, David and Michael Shabsels represented to Plaintiff that as part owner of BLSC, he would receive 49% of the company ownership, and a 25% share of all profits.

16.     After BLSC purchased the Academy, it immediately began operating a summer camp at 35 Golf Academy Dr. with the name *New England Golf and Tennis Camp* (hereinafter referred to as "NEGTC").

17.     At its inception, Plaintiff transferred tangible assets,  intangible assets, and enlisted campers  from his New England Golf Camp in Newry, Maine to BLSC for its operation of NEGTC. This allowed BLSC to begin operating NEGTC with campers during the first summer in its existence.

18.     From the start of NEGTC, Plaintiff worked as Camp Director. As the Camp Director, Plaintiff was in charge of running all aspects of NEGTC including but limited to day-to-day operations and recruiting new campers, which required significant travel in the off-season.

19.     Plaintiff continued working as NEGTC Camp Director from its inception in 2014 until January, 2026. In that role, he routinely worked in excess of 40 hours per week.

20.     For his work as Camp Director, Plaintiff was paid far less than fair wages, and his pay was tendered in an irregular and unpredictable manner.

21.     Plaintiff had no control over his wages, which were determined by BLSC and Michael and David Shabsels.

22.     Plaintiff agreed to help facilitate the purchase of the Academy by BLSC only because Michael and David Shabsels promised him that he would be a partial owner of BLSC.

23.     Plaintiff agreed to work for less than wages that a camp director would receive only because he believed that he was a partial owner of BLSC, and he would drive a financial benefit from providing uncompensated labor to BLSC.

24.     After entering into a verbal agreement with Plaintiff to form a partnership to own and operate BLSC, Michael and David Shabsels and BLSC continued to make representations that affirmed Plaintiff's belief that he was part owner of BLSC.

25.     These representations include but are not limited to:

    a.     Michael Shabsels verbally agreed to modify Plaintiff's share of BLSC's profits and company ownership from the original agreement of 49% and 25%, respectively, to 37% for each;

3

b.    BLSC submitted a funding application, under the direction and guidance of Michael and David Shabsels, that identified Plaintiff as a 95% owner of BLSC; and

c.    Michael and David Shabsels continued to request that Plaintiff purchase and finance boats and equipment to be used for the camp in his personal name, which Plaintiff did.

26.    In or around the year 2025, BLSC, under the direction of David and Michael Shabsels, hired Defendant Dana Miller ("Miller").

27.    On or about January 20, 2026, BLSC, under the direction of David and Michael Shabsels, appointed Defendant Miller as the BLSC Camp Director, replacing Plaintiff.

28.    At all times relevant to this Complaint, Plaintiff was the owner of *Camp Brain,* a database that contained names and contact information of former campers. Plaintiff had developed this database both before and during his time working for BLSC.

29.    The *Camp Brain* database was a valuable asset owned by Plaintiff, and it was a computer resource protected by Federal and State laws.

30.    In or about June of 2025, David Shabsels requested to Plaintiff that he provide Miller with access to his *Camp Brain* account database, and Plaintiff refused said request.

31.    After said refusal, Miller illegally gained access to and converted to her and BLSC's use of the *Camp Brain* database by fraudulently representing herself as Plaintiff to *Camp Brain*.

32.    Said illegal access and conversion was gained with full knowledge of Michael and David Shabsels.

33.    On January 26, 2026, David and Michael Shabsels and BLSC terminated Plaintiff's employment with BLSC and engaged law enforcement to immediately and illegally prohibit him from entering the NEGTC property located at 35 Golf Academy Dr.

### <u>COUNT 1 – FRAUD v. MICHAEL SHABSELS</u>

34.    Plaintiff repeats and restates all the allegations contained in paragraphs 1 through 33.

35.    Michael Shabsels fraudulently misrepresented to Plaintiff and others that Plaintiff was his business partner and a co-owner of BLSC for the purpose of purchasing the Academy.

36.    Fraudulently creating the appearance that Plaintiff was a co-owner of BLSC and business partners with Michael and David Shabsels, facilitated the purchase of the Academy and the real estate at 35 Academy Dr..

37.     Michael Shabsels willfully and intentionally received the benefit derived from misrepresenting that Plaintiff was his business partner and co-owner of BLSC to help him purchase the Academy and the real estate at 35 Golf Academy Dr.

38.     Michael Shabsels fraudulently misrepresented to Plaintiff and others that Plaintiff was his business partner and co-owner of BLSC for the purpose of inducing Plaintiff to work as Camp Director for far less than fair wages as a camp director.

39.     Michael Shabsels willfully and intentionally received the benefit of Plaintiff's working as camp director for far less than fair wages.

40.     Based on said fraudulent misrepresentations and to his detriment, Plaintiff also purchased and financed equipment and boats for BLSC's use in his personal name.

41.     Michael Shabsels willfully and intentionally received the benefit of Plaintiff's purchasing and financing equipment and boats for BLSC in his personal name.

42.     Michael Shabsels willfully and intentionally misrepresented that Plaintiff was his business partner and co-owner of BLSC for other purposes which he benefitted from, and which had the effect of affirming Plaintiff's belief that he was a partner of Michael Shabsels and David Shabsels, co-owners of BLSC. This includes but is not limited to Michael Shabsels and David Shabsels knowingly misrepresenting that Plaintiff was 95% owner of BLSC for the purpose of obtaining government covid funding for BLSC.

43.     Michael Shabsels's actions were willful and malicious towards Plaintiff' entitling the Plaintiff to Punitive Damages.

        WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Michael Shabsels for fraud and award him damages for said fraud, plus interest, and costs.


## COUNT 2 – BREACH OF CONTRACT v. MICHAEL SHABSELS

44.     Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 43.

45.     Plaintiff entered into a contractual agreement with Michael and David Shabsels that Plaintiff would be a partial owner of BLSC.

46.     Michael Shabsels breached said contractual agreement by denying him ownership interest in BLSC.

47.     As a result of said breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Michael Shabsels for said breach, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 3 – PROMISSORY ESTOPPEL v. MICHAEL SHABSELS

48. Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 47.

49. Over the course of several years, Michael Shabsels assured Plaintiff that Plaintiff was a partial owner of BLSC.

50. Plaintiff provided labor for the benefit of Michael Shabsels and BLSC without receiving fair wages, in reasonable reliance on Michael Shabsels's assurances.

51. Michael Shabsels understood that said assurances induced Plaintiff to work as NEGTC Camp Director for less than fair wages.

52. Michael Shabsels has denied Plaintiff from having any ownership interest in BLSC, and has refused to pay Plaintiff a fair amount for the labor he provided.

53. Plaintiff's reliance on Michael Shabsels's promises was to his detriment as he was denied partial ownership in BLSC as promised, and because he worked for approximately 11 years as NEGTC Camp Director for far less than fair wages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Michael Shabsels for Promissory Estoppel, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 4 – UNJUST ENRICHMENT v. MICHAEL SHABSELS

54. Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 53.

55. The labor and services provided by Plaintiff for less than fair value created an unjust financial benefit for Michael Shabsels and BLSC. The value of the financial benefit can be measured by calculating the difference between fair market value compensation for a camp director at a comparable Maine summer camp and the amount actually paid to Plaintiff for his work as Camp Director.

56. Michael Shabsels was aware of the financial benefit that he and BLSC was getting by virtue of Plaintiff's working for less than fair value, and he knew that Plaintiff was only agreeing to work for less than fair value based on the assurances made by Michael and David Shabsels that Plaintiff would be a partial owner of BLSC.

57.    The retention of said unjust financial benefit by Michael Shabsels is inequitable and unjust.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Michael Shabsels for Unjust Enrichment, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 5 – QUANTUM MERUIT v. MICHAEL SHABSELS

58.    Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 57.

59.    Plaintiff provided labor for the benefit of Michael Shabsels and BLSC without receiving fair wages.

60.    Michael Shabsels received the benefit of said labor but has not paid a fair amount to Plaintiff for the labor performed.

61.    As a matter of equity, Michael Shabsels should have to pay a fair amount to Plaintiff for his labor performed for the benefit of Michael Shabsels and BLSC.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Michael Shabsels for Quantum Meruit, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 6 -PUNITIVE DAMAGES v. MICHAEL SHABSELS

62.    Plaintiff repeats and restates all the allegations contained in paragraphs 1 through 61.

63.    By making repeated fraudulent assurances to Plaintiff and others that Plaintiff was a partial owner of BLSC for the purpose of increasing his own financial gain, Michael Shabsels acted with malice.

64.    The actions of Michael Shabsels as alleged above, were reprehensible and outrageous, entitling the Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that this Court find that Michael Shabsels acted with actual or implied malice, and order him to pay Plaintiff punitive damages, with interest, costs and any other relief this Court deems just.

## COUNT 7 – FRAUD v. DAVID SHABSELS

65.    Plaintiff repeats and restates all the allegations contained in paragraphs 1 through 64.

66.     David Shabsels fraudulently misrepresented to Plaintiff and others that Plaintiff was his business partner and a co-owner of BLSC for the purpose of purchasing the Academy.

67.     Fraudulently creating the appearance that Plaintiff was a co-owner of BLSC and business partners with Michael and David Shabsels, BLSC facilitated the purchase of the Academy and the real estate at 35 Academy Dr.

68.     David Shabsels willfully and intentionally received the benefit derived from misrepresenting that Plaintiff was his business partner and co-owner of BLSC to help him purchase the Academy and the real estate at 35 Golf Academy Dr.

69.     David Shabsels fraudulently misrepresented to Plaintiff and others that Plaintiff was his business partner and co-owner of BLSC for the purpose of inducing Plaintiff to work as Camp Director for far less than fair wages as a camp director.

70.     David Shabsels willfully and intentionally received the benefit of Plaintiff's working as camp director for far less than fair wages.

71.     Based on said fraudulent misrepresentations and to his detriment, Plaintiff also purchased and financed equipment and boats for BLSC's use in his personal name.

72.     David Shabsels willfully and intentionally received the benefit of Plaintiff's purchasing and financing equipment and boats for BLSC in his personal name.

73.     David Shabsels willfully and intentionally misrepresented that Plaintiff was his business partner and co-owner of BLSC for other purposes which he benefitted from, and which had the effect of affirming Plaintiff's belief that he was a partner of David Shabsels and co-owner of BLSC. This includes but is not limited to David Shabsels knowingly misrepresenting that Plaintiff was 95% owner of BLSC for the purpose of obtaining government funding for BLSC.

74.     David Shabsels's actions were willful and malicious towards Plaintiff entitling the Plaintiff to Punitive Damages.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant David Shabsels for fraud and award him damages for said fraud, plus interest, costs.

## COUNT 8 – BREACH OF CONTRACT v. DAVID SHABSELS

75.     Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 74.

76.     Plaintiff entered into a contractual agreement with Michael and David Shabsels that Plaintiff would be a partial owner of BLSC.

77.     David Shabsels breached said contractual agreement by denying him ownership interest in BLSC.

78.     As a result of said breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant David Shabsels for said breach, and award compensatory damages with interest, costs and any other relief this Court deems just.

### COUNT 9 – PROMISSORY ESTOPPEL v. DAVID SHABSELS

79.     Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 78.

80.     Over the course of several years, David Shabsels assured Plaintiff that Plaintiff was a partial owner of BLSC.

81.     Plaintiff provided labor for the benefit of David Shabsels and BLSC without receiving fair wages, in reasonable reliance on David Shabsels's assurances.

82.     David Shabsels understood that said assurances induced Plaintiff to work as NEGTC Camp Director for less than fair wages.

83.     David Shabsels has denied Plaintiff from having any ownership interest in BLSC, and has refused to pay Plaintiff a fair amount for the labor he provided.

84     Plaintiff's reliance on David Shabsels's promises was to his detriment as he was denied partial ownership in BLSC as promised, and because he worked for approximately 11 years as NEGTC Camp Director for far less than fair wages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant David Shabsels for Promissory Estoppel, and award compensatory damages with interest, costs and any other relief this Court deems just.

### COUNT 10 – UNJUST ENRICHMENT v. DAVID SHABSELS

85.     Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 84.

86.     The labor and services provided by Plaintiff for less than fair value created an unjust financial benefit for David Shabsels and BLSC. The value of the financial benefit can be measured by calculating the difference between fair market value compensation for a camp director at a comparable Maine summer camp and the amount actually paid to Plaintiff for his work as Camp Director.

87.     David Shabsels was aware of the financial benefit that he and BLSC was getting by virtue of Plaintiff's working for less than fair value, and he knew that Plaintiff was only agreeing to work for less than fair value based on the assurances made by Michael and David Shabsels that Plaintiff would be a trial owner of BLSC.

88.     The retention of said unjust financial benefit by David Shabsels is inequitable and unjust.

        WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant David Shabsels for Unjust Enrichment, and award compensatory damages with interest, costs and any other relief this Court deems just.

### COUNT 11 – QUANTUM MERUIT v. DAVID SHABSELS

89.     Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 88.

90.     Plaintiff provided labor for the benefit of David Shabsels and BLSC without receiving fair wages as a camp director.

91.     David Shabsels received the benefit of said labor but has not paid a fair amount to Plaintiff for the labor performed.

92.     As a matter of equity, David Shabsels should have to pay a fair amount to Plaintiff for his labor performed for the benefit of David Shabsels and BLSC.

        WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant David Shabsels for Quantum Meruit, and award compensatory damages with interest, costs and any other relief this Court deems just.

### COUNT 12 -TORTIOUS INTERFERENCE WITH AN ECONOMICALLY ADVANTAGEOUS RELATIONSHIP & CONVERSION v. DAVID SHABSELS

93.     Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 92.

94.     Plaintiff had an economically advantageous relationship with *Camp Brain* and those individuals listed on a *Camp Brain* database he had developed over several years based on contacts and relationships that provided Plaintiff with a valuable asset in running a summer camp in Maine.

95.     David Shabsels fraudulently interfered with said relationship by causing BLSC employee Dana Miller to falsely represent that she was the Plaintiff in order to gain access to Plaintiff's *Camp Brain* account and database. By said action David Shabsells converted a valuable asset belonging to the Plaintiff to his own use.

10

96.     Said fraudulent interference and conversion caused damages to Plaintiff and unjustly enriched David Shabsels. Said misrepresentation amounted to a criminal action under 17-A MRS section 432. Said actions were done with malice and were  reprehensible and outrageous entitling the Plaintiff to Punitive Damages

Wherefore, Plaintiff requests that this court enter judgment against David Shabsels for Tortious Interference with an Economically Advantageous Relationship, and award compensatory damages and punitive damages with interest and costs.

### COUNT 13 - PUNITIVE DAMAGES v. DAVID SHABSELS

97.     Plaintiff repeats and restates all the allegations contained in paragraphs 1 through 96.

98.     By making repeated fraudulent assurances to Plaintiff and others that Plaintiff was a partial owner of BLSC for the purpose of increasing his own financial gain, David Shabsels acted with malice.

99.     The actions of David Shabsels as alleged above, were reprehensible and outrageous, entitling the Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that this Court find that David Shabsels acted with actual or implied malice, and order him to pay Plaintiff punitive damages, with interest, costs and any other relief this Court deems just.

### COUNT 14 – CONVERSION v. DANA MILLER

100.    Plaintiff repeats and restates all the allegations contained in paragraphs 1 through 99.

101.    When Dana Miller falsely represented herself as Plaintiff to *Camp Brain*, she did so intentionally, and with knowledge that such false representation was to Plaintiff's detriment and to the benefit of BLSC and Dana Miller.

102.    Said fraudulent misrepresentation amounted to a criminal action under 17-A MRS section 432, and constituted a theft and a conversion by Dana Mille of valuable property  belonging to the Plaintiff, causing damages to Plaintiff.

103.    Dana Miller's actions were willful and malicious towards Plaintiff, entitling the Plaintiff to Punitive Damages.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant Dana Miller for conversion and award him damages for said conversion, plus interest, costs.

## COUNT 15-TORTIOUS INTERFERENCE WITH AN ECONOMICALLY ADVANTAGEOUS RELATIONSHIP v. DANA MILLER

104.    Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 103.

105.    Plaintiff had an economically advantageous relationship with *Camp Brain* and those individuals listed on a *Camp Brain* database he had developed over several years based on contacts and relationships that provided Plaintiff with an advantage to run a summer camp in Maine.

106.    Dana Miller fraudulently interfered with said relationship by falsely representing that she was the Plaintiff in order to gain access to Plaintiff's *Camp Brain* account and database.

107.    Said fraudulent interference resulted in the criminal theft of information under 17-A MRS Section 432, and caused damages to Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Dana Miller for Tortious Interference with an Economically Advantageous Relationship, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 16. STATUTORY CLAIM FOR UNPAID WAGES
## 26 M.R.S.A. §626 et. seq. v BLSC

108.    Plaintiff repeats and realleges all allegations contained within Paragraphs 1 through 107 of his Complaint.

109.    Upon termination of Plaintiff's employment, on or about January 26, 2026, Plaintiff was owed earnings and wages by BLSC amounting to at least $800,000.

110.    Plaintiff has made a demand for wages under 26 M.R.S.A. §626, and the wages have not been paid.

111.    In addition to the unpaid wages, Plaintiff is entitled to a reasonable interest rate on the unpaid wages and an amount equal to twice the amount of owed wages as liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant BLSC for failing to pay fair wages to Plaintiff in violation of 26 M.R.S.A. §626 et. seq, and order BLSC to pay damages with interest, costs, attorney's fees, treble damages, and any other relief this Court deems just.

## COUNT 17 – UNJUST ENRICHMENT v. BLSC

112.    Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 111.

113.    The labor and services provided by Plaintiff for less than fair value created an unjust financial benefit for BLSC. The value of the financial benefit can be measured by calculating the difference between fair market value compensation for a camp director at a comparable Maine summer camp and the amount actually paid to Plaintiff for his work as Camp Director.

114.    BLSC was aware of the financial benefit that it was getting by virtue of Plaintiff's working for less than fair value, and he knew that Plaintiff was only agreeing to work for less than fair value based on the assurances made by Michael and David Shabsels on behalf of BLSC that Plaintiff was partial owner of BLSC.

115.    The retention of said unjust financial benefit by BLSC is inequitable and unjust.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant BLSC for Unjust Enrichment, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 18 – QUANTUM MERUIT v. BLSC

116.    Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 115.

117.    Plaintiff provided labor for the benefit of BLSC without receiving fair wages.

118.    BLSC received the benefit of said labor but has not paid a fair amount to Plaintiff for the labor performed.

119.    As a matter of equity, BLSC should have to pay a fair amount to Plaintiff for his labor as a camp director for the benefit of BLSC.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant BLSC for Quantum Meruit, and award compensatory damages with interest, costs and any other relief this Court deems just.

## COUNT 19 -TORTIOUS INTERFERENCE WITH AN ECONOMICALLY ADVANTAGEOUS RELATIONSHIP v. BLSC

120.    Plaintiff repeats and restates all allegations contained within Paragraphs 1 through 119.

121.    Plaintiff had an economically advantageous relationship with *Camp Brain* and those individuals listed on a *Camp Brain* database he had developed over several years based on contacts and relationships that provided Plaintiff with an asset in running a summer camp in Maine.

122.    BLSC, acting through David Shabsels and Dana Miller, fraudulently interfered with said relationship by causing BLSC employee Dana Miller to falsely represent that she was the Plaintiff in order to gain access to Plaintiff's *Camp Brain* account and database.

123.    Said fraudulent interference caused damages to Plaintiff and unjustly enriched BLSC.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant BLSC for Tortious Interference with an Economically Advantageous Relationship, and award compensatory damages with interest, costs and any other relief this Court deems just.

Dated:   3/10/26

_____

Jason M. Jabar, Esq.
Bar No. 9154
Attorney for the Plaintiff

Dated: 3/10/26

_____

Joseph M. Jabar Sr., Esq.
Bar No. 281
Attorney for the Plaintiff

Jabar Laliberty
One Center Street
Waterville, Maine 04901
207-873-0781

14